IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JUVENTINO CORIA PEREZ,

    Petitioner,

v.

WARDEN TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-18

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juventino Perez ("Perez"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Perez filed a Response. Docs. 4, 6. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Perez's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Perez *in forma pauperis* status on appeal.

## BACKGROUND

Perez was convicted in the District of Minnesota of aiding and abetting and possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 4-1 at 3. Perez was sentenced to 135 months' imprisonment and has a projected release date of October 21, 2020, via good conduct time. Id.

As a result of disciplinary hearing proceedings based on a charge for fighting, Perez was sanctioned with the loss of 27 days' good conduct time, among other sanctions. Doc. 1 at 2.

Perez seeks to have the 27 days' lost good conduct time restored to him and to have the sanctions expunged from his record. Id. at 8.

## DISCUSSION

In his Petition, Perez asserts he was working as a commissary orderly when another inmate, Pedro Rodriguez, began harassing him. Id. at 7. Perez states this other inmate later assaulted him, and Perez defended himself. Id. Perez faced disciplinary charges for fighting resulting from this incident and was later found guilty of the charged offense. Perez maintains he was acting in self-defense and should not have been charged with or found guilty of fighting. Doc. 1-1 at 3.

Respondent avers Perez's due process rights were not violated as a result of the disciplinary proceedings. Doc. 4 at 3–4. In addition, Respondent asserts the Disciplinary Hearing Officer's ("DHO") finding of guilt on the charged offense is supported by some evidence. Id. at 4–6.

### I. Whether Due Process Requirements Were Met

Perez alleges Rodriguez hit him first, and he reacted out of self-defense. Doc. 6 at 1. In addition, Perez contends the officer who witnessed Rodriguez harassing him did nothing to prevent this situation from escalating. Id. at 2. Perez maintains he was unable to call witnesses during the hearing because the DHO did not accept Perez's desired witnesses, as these witnesses worked at the institution. Id. at 2–3. Perez states Respondent did not mention Perez was in the Special Housing Unit ("SHU"). Id. at 2.

Perez was charged on August 9, 2018 with fighting with another person after he and Rodriguez were involved in an altercation. Doc. 4 at 2. A correctional staff member prepared an incident report on this same date, and Perez was given a copy of the incident report. Doc. 4-2 at

3. After the Unit Discipline Committee ("UDC") referred the matter, DHO Roger Perry conducted a disciplinary hearing on August 20, 2018. Id. Perez did not request any witnesses or documentary evidence and waived his opportunity to have staff representation during the hearing. Id. Perez admitted to being involved in the incident with Rodriguez but stated he acted in self-defense. Id. at 4. DHO Perry concluded the greater weight of the evidence supported a finding of Perez having committed the prohibited act as charged. Id. The DHO Oversight Specialist in Washington, D.C. certified the report complied with due process requirements and the Bureau of Prisons' Program Statement. Id. & at 11.

As noted, Perez was provided with a copy of the incident report charging him with a Code 201 violation (fighting with another person) on August 9, 2018. Id. at 7. On August 14, 2018, Perez was advised of his rights before the DHO.[1] Id. DHO Perry conducted the hearing on August 20, 2018. Id. Perez waived his right to staff representation and his right to call witnesses. Id. In addition to the incident report and investigation, DHO Perry considered the medical records, which revealed Perez received no injuries but Rodriguez had, as well as 16 still photographs printed from the closed-circuit television of the fight in progress on August 9, 2018. Id. at 7; 8. DHO Perry also considered Officer S. Waldon's report, which indicated Rodriguez threw the first punch and retreated, but Perez walked toward Rodriguez and punched him. Id. at 8. DHO Perry also considered Perez's statements that he was only defending himself and he did not remember hitting Rodriguez, but DHO Perry found Perez's statements to be contradicted by the still photographs. Id. DHO Perry found Perez committed the charged act by the greater weight of evidence and sanctioned Perez with disallowance of 27 days' good conduct time, 30

---

[1] The DHO Report form indicates a copy of the advisement of rights form is attached to that form. Doc. 4-2 at 7. This rights form is not attached to Respondent's submissions. However, the advisement of rights form is not necessary for the Court's resolution of this matter, as Perez does not claim he did not receive proper notice of the disciplinary hearing or of his rights during the disciplinary process.

3

days' disciplinary segregation, and loss of telephone and commissary privileges for 2 months. Id. at 8–9. Perez was provided with a written copy of the DHO's findings and advised of his appeal rights on August 23, 2018. Id. at 9.

To determine whether Perez's right to due process was violated, the Court must determine what process was owed to Perez. A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

As laid out above and in the attachments to the parties' pleadings, the record demonstrates Perez received the required due process protections. An incident report was issued on August 9, 2018, and Perez received this incident report the same day. Doc. 4-2 at 7. Perez was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on August 14, 2018. Id. The allegations set forth in Perez's incident report were investigated, and he received a DHO hearing on August 20, 2018. Id. Perez does not dispute he received advance written notice of the charges and the hearing by virtue of his receipt of the incident report. Docs. 1, 6.

Perez attended the hearing, and his rights were again read and reviewed with him. Perez declined to have a staff representative and did not wish to present evidence or witnesses. Doc. 4-2 at 7. Following the hearing, DHO Perez detailed his factual and legal conclusions, and Perez was provided with the DHO's written report. Id. at 8–9. Thus, the well-documented evidence unequivocally demonstrates that Perez received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Perez committed the charged offense of fighting with another person is supported by "some evidence." As discussed above, DHO Perry considered Perez's statements, still photographs, medical evidence, and an officer's report. Most of Perez's assertions go to the weight of evidence or the credibility determinations the DHO made, but this

Court is not required to reexamine the record. And other than Perez's vague and conclusory assertions, there is no evidence Perez wished to call witnesses and was not permitted to do so or that, even if Perez had been in the Special Housing Unit, he was unable to attend the hearing or present his defense.[2] See Doc. 6 at 2–3. Instead, the record before the Court reveals Perez received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit. Thus, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Perez's Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Perez leave to appeal *in forma pauperis*. Though Perez has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in*

---

[2] Similarly, Perez's contention that the officer who observed Perez's altercation with Rodriguez did not intervene or deescalate the situation is vague and conclusory and has little to no bearing on the contentions in Perez's Petition. Moreover, Perez was able to argue and present evidence about the officer's purported failure to intervene during the disciplinary hearing and how that supposed inaction might have supported Perez's self-defense theory. The DHO, however, rejected Perez's claims of self-defense, and DHO's decision was based, at least, on "some evidence."

*forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Perez's Petition, Respondent's Motion to Dismiss, and the responsive pleading, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Perez *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DENY** Perez's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Perez leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. The Court

**DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Perez and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of November, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA